IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CYNTHIA L. TEWALT                                                            PLAINTIFF

VS.                                    Case No. 05-CV-4042

KLIPSCH, LLC                                                                 DEFENDANT

## **ORDER**

Before the Court is Plaintiff's Motion for Joinder in Claims and to Consolidate Cases. (Doc. 3) Defendant has responded. (Doc. 6) Plaintiff has filed a reply. (Doc. 8) The Court finds the motion ripe for consideration.

Tewalt seeks to join her claims with the plaintiff in another case in the Western District of Arkansas, Texarkana Division, *Merryman v. Klipsch, LLC*, Case No. 04-4144, and consolidate the two cases. Permissive joinder of parties is addressed in Fed. R. Civ. P. 20(a), which states

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action.

A question of whether to allow joinder of parties is a matter left to the discretion of the district court. *See Mosley v. General Motors Corp.*, 487 F.2d 1330 (8th Cir. 1974). Under Rule 20(a), the two specific requirements for joinder of parties are: (1) a right to relief must be asserted by each plaintiff relating to or arising out of the same occurrence, or a series of occurrences, and (2) some question of law or fact common to all parties must arise in the action. *Id.* at 1333.

Tewalt complains of sexual harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, stemming from the alleged harassment by her supervisor, Tom Hutchinson. Tewalt alleges the sexual harassment occurred as late as July 2003. She alleges that

the sexual harassment was reported in July 2003 and that she was fired in April 2004 in retaliation for the reported sexual harassment.[1]

Merryman also complains of sexual harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964. Although Merryman's complaint alleges a claim of sexual harassment, her EEOC charge of discrimination[2] only states she was retaliated against for reporting two incidents of sexual harassment by Hutchinson against two co-workers she witnessed. Merryman alleges she was permanently laid off in February 2004 in retaliation for reporting the sexual harassment.

Klipsch alleges Tewalt and Merryman were laid off after it initiated a reduction in force at its Hope, Arkansas, plant. Klipsch also alleges Tewalt and Merryman were selected to be laid off by different supervisors. The Court finds that Tewlat and Merryman's right to relief does not relate to or arise out of the same occurrences and no question of law or fact common to all parties arises in this action. The decision to lay off Tewalt and Merryman presents no common question of law or fact and are different occurrences. Tewalt and Merryman's different supervisors selected them to be laid off. Therefore, the Court finds Plaintiff's motion should be and hereby is **denied.**

IT IS SO ORDERED, this 21st day of September, 2005.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Court

---

[1] Doc. 1, Ex. A. Tewalt's Charge of Discrimination submitted to the Equal Employment Opportunity Commission. (hereinafter "EEOC")

[2] *Merryman v. Klipsch, LLC*, Case No. 04-CV-4144, United States District Court, Western District of Arkansas, Texarkana Division.